## STATE v. DRAKE.

Under the General Laws (1878) the state has no right peremptorily to challenge a juror.

INDICTMENT FOR PERJURY. The state was permitted peremptorily to challenge a juror, and the respondent excepted. Verdict, guilty.

*Marston,* for the respondent.

*Solicitor* and *Page,* for the state.

BINGHAM, J. Prior to the passage of *c.* 2,213, Laws of 1859, a party had no right to claim that his cause should be tried by any particular jury, or to insist that any particular juror should be retained, merely because there was no legal ground for challenging him. *Watson* v. *Walker,* 33 N. H. 131, 144; *Walker* v. *Kennison,* 34 N. H. 259. That act provided that a jury should be empanelled to try each cause, and prescribed the manner in which it should be empanelled. That mode, in a modified form, is retained in the General Laws. It must be strictly followed, and no juror can be set aside by the court, except upon challenge for a cause which the law recognizes as sufficient. *Watson* v. *Walker, supra.* The right to two peremptory challenges was given to the state by *s.* 1, *c.* 2,350, Laws of 1860, which was reënacted in Gen. St., *c.* 243, *s.* 9; but that provision, omitted from the General Laws, is no longer in force. *Corey* v. *Bath,* 35 N. H. 540.

*Verdict set aside.*

ALLEN, J., did not sit: the others concurred.